Jose Santos AMAYA DIAZ
1001 Rockville Pike #512
Rockville, MD 20852

     Plaintiff

     v.

PHO EATERY, INC.
11618 Rockville Pike
Rockville, MD 20852
SERVE ON:
     Quynh Vu
     7923 New Hampshire Avenue
     Hyattsville, MD 20783

AND

Tim DO
C/o Pho Eatery, Inc.
674 Quince Orchard Road
Gaithersburg, MD 20878

AND

Quynh VU
12512 Palermo Drive
Silver Spring, MD 20904

AND

Oanh NGUYEN
12512 Palermo Drive
Silver Spring, MD 20904

     Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
MARYLAND


CIVIL DOCKET


CASE NO: 8:17-CV-02968

## COMPLAINT

## PRELIMINARY STATEMENT

Mr. Jose Santos AMAYA DIAZ ("Mr. Amaya"), through counsel T. Bruce Godfrey of Jezic & Moyse, LLC, brings this action on behalf of himself against Defendants PHO EATERY, INC. ("PE"), Mr. Tim DO ("DO"), Mr, or Ms. Oanh NGUYEN ("NGUYEN") and Mr. Quynh VU ("VU") for willful violations of the United States Fair Labor Standards Act of 1938 (29 USC §201 et seq.), the Maryland Wage and Hour Law (Md. Code Ann. §§ 3-401, 3-415, et al.), the Maryland Wage Payment and Collection Act (Md. Ann. Code, LE § 3-501 et seq.) and the minimum wage provisions of the Code of Montgomery County, Maryland (Mont. County Code, §27-68) for unpaid overtime wages as defined below, unpaid minimum wages under local law and unpaid vacation wages.

## JURISDICTION AND VENUE

1. This Court has non-exclusive subject matter and personal jurisdiction over the subject matter of this Complaint because:

    a. The wrongful acts herein described occurred within the judicial district of Maryland and

    b. Defendants are all residents of or engaged in regular business within the judicial district of Maryland.

    c. A federal question exists in this case per 28 U.S.C. § 1331 and this Honorable Court may and should exercise supplemental jurisdiction over the non-federal questions in this case per 28 U.S.C. § 1367 due to common nuclei of fact and the similarity of the legal claims.

2. For similar grounds, venue is proper before this Honorable Court.

**PARTIES**

3.  Mr. Amaya is an adult resident of Montgomery County, Maryland who was, as contemplated under the definition of "employee" under 29 U.S.C. §203(e) and analogous state laws, employed during times relevant by Defendants as a food preparation employee in Montgomery County, Maryland.

4.  Defendant PE is a Maryland corporation formed by Defendants DO, VU and NGUYEN for the operation of a Vietnamese food business.  A copy of its Maryland charter is attached as an exhibit as is an information webpage about Pho Eatery Inc. from http://www.phoeatery.com/our-story/, last accessed October 6, 2017. Upon information, the gross revenue from PE's two locations in Rockville and Gaithersburg is sufficient to place it under the jurisdiction of applicable federal and state overtime and minimum wage laws.

5.  Defendants DO, VU and NGUYEN ("owners") are, upon information, adult residents of Maryland who, by ownership, management and/or "actual economic effect", were for purposes herein also each an "employer" under applicable laws and who share joint and several responsibility for unpaid wages with PE. PE and the owners are referenced collectively herein as "Defendants".

**FACTS**

6.  The foregoing paragraphs are incorporated by reference as though fully set forth herein.

7.  Defendants employed Mr. Amaya from 2013 until approximately January 6, 2017 as a non-exempt food preparation employee primarily at its Gaithersburg, Maryland location on Quince Orchard Road and occasionally at its Rockville Pike location in greater Rockville, Maryland.

    Jose S

8.  During the course of his work, Mr. Amaya performed multiple non-exempt services at the pay rate of $10.00 regular pay per hour.  At all times relevant, the Defendants controlled both Mr. Amaya's hours worked and pay received.

9.  After approximately June 1, 2015, Mr. Amaya worked most weeks in excess of 40 hours, and generally worked 60-72 hours per week from June, 2015 until January 6, 2017.  The figure of 72 hours per week is used herein for estimation purposes.

10. Mr. Amaya's work duties and work time did not fall under any applicable exemption from the requirements of the U.S. Fair Labor Standards Act, the Maryland Wage Payment and Collection Law, the Maryland Wage and Hour Act or the minimum wages provisions of the Montgomery County Code.

11. Defendants failed to pay to Mr. Amaya the required wage of 150% of his regular pay (hereinafter in this Complaint "overtime wage") for all hours worked in excess

of 40 hours per week (hereinafter "overtime") within the statute of limitations. The failures and refusals of the Defendants to pay required overtime compensation as required by U.S. law and Maryland law have been willful by deliberate scheme and without good faith excuse.

12. Montgomery County, Maryland, established a minimum wage of $10.75/hour effective October 1, 2016.  Defendants failed to pay the full minimum wage of $10.75/hour regular pay and $16.13/hour overtime pay for all work performed on or after October 1, 2016.

13. Maryland law requires all employers to maintain compensation and time records for all employees. Md. Code Ann. LE §3-424.  Accordingly a precise calculation of Mr. Amaya's damages from unpaid overtime or other unpaid wages is not fully possible without a comprehensive review of the payroll and time records maintained by the Defendants pursuant to Maryland law.

14. It appears, subject to confirmation and adjustment, that Mr. Amaya is entitled to base overtime compensation of $160 per week (72 hours * $5/hour shortfall) for roughly 66 weeks or $10,560.00, and $226 per week for federal and Montgomery County overtime and minimum wage for 14 weeks or $3.164.00 (October 1, 2016 until January 6, 2017. $946 owed v. $720 paid) for a total of $13,724.00 in unpaid minimum wage and overtime pay, exclusive of double or treble exemplary damages, punitive damages, interest or attorney's fees.

15. Mr. Amaya reserves the right and acknowledges the duty to adjust this calculation down or up to conform to applicable proof in a manner consistent with applicable rules and fundamental fairness to the Defendants.

16. Additionally, Defendants promised vacation pay to Mr. Amaya in the amount of 2 weeks per year or $800/year, and have not provided that benefit.  Accordingly demand is made for $2400.00 base vacation wage promised and never paid, plus treble damages as discussed below.

17. The Maryland Wage Payment and Collection Act, Md. Code Ann. LE §§ 3-507 to 3-507.2, provides for a treble damages remedy to a worker whose wages remain unpaid to her for longer than 14 days beyond their wage payment due date, when the failure is not the result of a good faith dispute.

18. Your undersigned proffers that he made a demand to Pho Eatery, Inc., for unpaid overtime wages and unpaid vacation pay by U.S. Mail on July 20, 2017, and received no response.  More than 14 days have passed since that date; Defendants' failure to cooperate with the undersigned have forced Mr. Amaya to make estimates of time worked and compensation paid, and pursue judicial relief.

19. Mr. Amaya's last date of work for Defendants was January 6, 2017 and the final paycheck from Defendants was due no later than February 1, 2017 under the

most lenient of pay "lags"; accordingly more than 14 days have passed since the due date of the latest proper salary payment.

20. Mr. Amaya's base estimated unpaid wage balance is $16,124.00; treble damages for this sum lie in the amount of $48,372.00 under the Maryland Wage Payment and Collection Law, exclusive of attorneys' fees, costs and interest as provided by that law.  Double damages lie under federal and state law in the amount of $27,448.00, exclusive of interest, costs and attorneys' fees for the overtime and local minimum wage violations.

21. Your undersigned attorney has been practicing in excess of 20 years in Maryland and has previously been awarded legal fees in excess of $300/hour on one occasion by the United States District Court for the District of Maryland. Accordingly, your undersigned intends to request legal fees for all services performed at the rate of $300/hour, to the extent authorized by statute and future order of court, and will present a bill and fee petition to that effect at the proper time.

## COUNT I
## VIOLATION OF FEDERAL FAIR LABOR STANDARDS ACT
## OVERTIME WAGES EARNED BUT NOT PAID
## 29 USC § 201

22. Mr. Amaya incorporates by reference all preceding paragraphs of this Complaint.

23. Defendants employed Mr. Amaya from before October 2014 until January 6, 2017 in non-exempt duties as defined under the Fair Labor Standards Act.

24. Defendants paid to Mr. Amaya the regular wage of $10.00/hour, but failed to compensate Mr. Amaya for overtime work and pay as required by the Fair Labor Standards Act.

25. Mr. Amaya worked for Defendants approximately 72 hours per week for approximately 79 out of the 157 weeks lying fully or partially within the three years preceding the filing of this Complaint, estimated.

26. Defendants failed or refused to pay overtime to Mr. Amaya for work performed in excess of 40 hours per week.

27. As a result of Defendants' failure to pay overtime wages pursuant to the Fair Labor Standards Act, Mr. Amaya stands aggrieved of unpaid overtime in the estimated base amount of $13,724.00 exclusive of liquidated damages, interest, costs, and attorney's fees.

28. Liquidated damages lie in the amount of double the unpaid wages under the Fair Labor Standards Act.

29. Defendants' conduct was willful and therefore the three-year statute of limitations under the Fair Labor Standards Act for willfulness should apply.

WHEREFORE Mr. Amaya respectfully requests that this Honorable Court award him a judgment against Defendants jointly and severally in the amount of $13,724.00 in unpaid overtime wages, an additional amount of liquidated double damages pursuant to law to total $27,448.00, applicable interest, costs and attorneys' fees in an amount to be demonstrated pursuant to law and applicable rule.

### COUNT II
### MARYLAND WAGE AND HOUR LAW
### OVERTIME WAGES EARNED BUT NOT PAID
### Md. Code Ann. LE §3-401 *et seq.*

30. Mr. Amaya incorporates by reference all preceding paragraphs of this Complaint.

31. Defendants employed Mr. Amaya from before October 2014 until January 6, 2014 in non-exempt duties as defined under the Fair Labor Standards Act and Maryland Wage and Hour Law.

32. Defendants promised to pay and did pay to Mr. Amaya the regular wage of $10.00, but failed to pay the required overtime wage of 150% of the regular wage for work exceeding 40 hours per week as required by the Maryland Wage and Hour Law, Md. Code Ann. LE §3-401 *et seq.,* Additionally, for 14 weeks in 2016 and 2017 starting October 1, 2016, the regular lawful wage of Mr. Amaya was no

less than $10.75/hour under the laws of Montgomery County, Maryland.  Mont. County Code, §27-68.

33. Mr. Amaya worked approximately 72 hours per week for approximately 79 out of the 157 weeks lying fully or partially within the three years preceding the filing of this Complaint.

34. As a result of Defendants' failure to pay overtime wages pursuant to the Maryland Wage and Hour Law, Mr. Amaya stands aggrieved of his unpaid overtime in the base amount of $13,724.00 exclusive of liquidated damages, interest, costs, and attorney's fees.

35. Defendants' failure to pay overtime wages under Maryland law was willful and without good faith excuse; accordingly double damages lie under the Maryland Wage and Hour Law.

WHEREFORE Mr. Amaya respectfully requests that this Honorable Court award him a judgment against Defendants jointly and severally in the amount of $27,448.00 in unpaid overtime wages, minimum wages and liquidated damages, applicable interest, costs and attorneys' fees in an amount to be demonstrated pursuant to law and applicable rule.

### COUNT III
### WAGE PAYMENT AND COLLECTION ACT VIOLATION
### Md. Ann. Code, LE §3-507.2

36. Defendants employed Mr. Amaya from before October 2014 until January 6, 2017 in non-exempt employment duties as defined under the Fair Labor Standards Act and the Maryland Wage and Hour Law.

37. Defendants paid to Mr. Amaya the regular wage of $10.00 gross pay per hour but failed to pay required overtime for work exceeding 40 hours per week. Additionally, Defendants promised Mr. Amaya two weeks of paid vacation per year, but did not pay such vacation as promised.

38. Mr. Amaya worked approximately 72 hours per week for approximately 79 out of the 157 weeks lying fully or partially within the three years preceding the filing of this Complaint.

39. Defendants failed to pay overtime wages, minimum wages and unpaid earned vacation pay in the amount of approximately $16,124.00, exclusive of exemplary treble damages, costs, interest or attorneys' fees.

40. Maryland law provides for a treble damages remedy to workers for unpaid wages, including overtime wages, minimum wages and vacation pay, under the aforementioned Maryland Wage Payment and Collection Act when the non-payment is not the result of a good faith dispute.

11

41. No good faith excuse mitigates the failure by Defendants to pay the minimum wage for Montgomery County, to pay overtime as required by long-standing federal and state law and to pay vacation as promised.

WHEREFORE Mr. Amaya respectfully requests that this Honorable Court enter a judgment against Defendants in the amount of $48,372.00, representing base wages of $16,124.00 unpaid plus statutory treble damages of an additional $32,248.00, plus interest, costs and attorneys' fees as authorized by statute or rule.

<u>**COUNT IV**</u>
<u>**Montgomery County, MD, Minimum Wage**</u>
<u>**Mont. County Code, §27-68**</u>

42. Mr. Amaya incorporates all previous paragraphs of this Complaint as if herein restated.

43. Between October 1, 2016 and January 6, 2017, Mr. Amaya worked as an employee for Defendants at the straight pay rate of $10.00/hour for approximately 72 hours per week.

44. The minimum wage under the laws of Montgomery County, Maryland was $10.75 per hour and therefore the applicable overtime wage for Mr. Amaya would have been $16.13/hour. Mont. County Code, §27-68.

45. Mr. Amaya was unjustly underpaid in the amount of $.75/hour for 40 hours of regular pay per work week for approximately 14 weeks of work, i.e. $30/week x* 14 weeks or $420.00.

46. Mr. Amaya was unjustly underpaid in the amount $6.13/hour, i.e. $16.13-
$10.00/hour, for each hour of overtime worked, estimated to be 32 hours/week *
14 weeks * $6.125/hour = $2,744.00

47. Defendants owe to Mr. Amaya underpaid base and overtime wages in the
estimated amount of $3,164.00, exclusive of exemplary damages, treble
damages, costs, interest or attorneys' fees.

WHEREFORE Mr. Amaya respectfully demands unpaid minimum and overtime
wages under the laws of Montgomery County, Maryland and of the State of Maryland in
the amount of $3,164.00, plus treble damages to the extent applicable in the amount of
$6,328.00 to total $9,492,00, plus interest, costs and attorneys' fees.

## JURY TRIAL DEMAND

Mr. Amaya respectfully demands a trial by jury on all matters triable by a jury
under applicable law and rules.

Respectfully submitted,

/s/

_____
T. Bruce Godfrey #24596
Jezic & Moyse, LLC
2730 University Boulevard West #604
Wheaton, MD 20902
(240) 292-7200
fax 1-240-292-7225
godfrey@jezicfirm.com