| | |
|---|---|
| Jose Santos AMAYA DIAZ<br>Plaintiff | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF MARYLAND |
| v. | CIVIL DOCKET |
| PHO EATERY, INC. et al.<br>Defendants et al. | 8:17-CV-02968 |

## MEMORANDUM IN SUPPORT OF
## MOTION TO APPROVE SETTLEMENT AGREEMENT

## I.    FACTS RELATING TO LITIGATION AND SETTLEMENT

Plaintiff Jose Santos Amaya Diaz sued, *inter alia*, Defendants Pho Eatery and

Tim Do, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201

et. seq. and the Maryland Wage and Hour Law and Wage Payment and Collection

Law (Md. Code, Lab & Empl., §3-401 et. seq. and 3-501 et seq.).

After some motions practice, extended discovery and two scheduled

settlement conferences, the parties reached an agreement to settle the matter,

creating a recordation of proposed terms *in camera* with the assistance the

Honorable Charles Day on April 5, 2019 at the scheduled settlement conference of

that date.  All counsel thank Judge Day for his efforts in support of the resolution of

this matter.

Defendants raised the following disputed issues: 1)  precisely how many hours

and weeks Plaintiff worked during the relevant period; 2) the effective hourly rate for

Plaintiff as calculated over the disputed hours;  3) the lack of strict uniformity in hours

over the roughly 18-month period from approximately July 1, 2015 until early January

2017, 4) the issue of whether the Maryland Wage Payment and Collection law

applied to Plaintiff's claims, and, if so, whether wages had been withheld as a result

of a bona fide dispute with the meaning of the Maryland Wage Payment and

Collection Law; 5) whether Defendants acted willfully or recklessly of their obligations under the FLSA; and 6) whether the Defendants had acted reasonably and in good faith for purposes of potential defenses to a liquidated damages claim, under the FLSA and its Portal-to-Portal Act provisions and 7) whether Plaintiff may have been exempt as an "executive employee" under applicable case law and regulations.

Plaintiff alleged that he was paid during the relevant period an hourly rate of $10.00 but was never paid overtime during the relevant period of 18 months, i.e. 78 weeks at 60 hours/week, yielding an alleged shortfall of $5.00/hour, 20 hours/week for 78 weeks or $7800.00 before liquidated damages or exemplary damages.  Plaintiff denies that his work was exempt from the FLSA overtime provisions as "executive" work, and denies that he functioned as an "executive" at any time of his employment at Defendants' Vietnamese restaurants.

Defendants and Plaintiff have disputes that implicate direct evidence, the inferences to be drawn from that evidence and the legal conclusions to be drawn from that evidence and those inferences – questions of fact, law and mixed questions of each.

After substantial negotiations, the parties reached a settlement whereby Plaintiff would receive from Defendants $11,000.00 in four monthly payments, $2,000, $2,000, $2,000.00 and $5,000.00 and Jezic & Moyse, LLC, his legal counsel would receive as a fifth monthly payment from Defendant out of pocket cost reimbursement in the amount of $1,356.63 for service of process, deposition transcripts and this Court's filing fee. While Jezic & Moyse would be entitled to request a legal fee award in the event of a successful outcome, Jezic & Moyse is

waiving the entirety of its claim for fees in the interest of judicial economy and

under Maryland Attorneys' Rules of Professional Conduct ethics Rule 6.1

(hortatory obligation to perform pro bono work.)  Defendants have paid the first

$2,000.00 installment due May 1.

Mr. Amaya Diaz would receive, under this settlement proposal, $11,000.00

in gross pay – more than the value of his base unpaid overtime but less than the

full value of the gross pay plus liquidated double damages.

Counsel for the Plaintiff believes that the settlement was negotiated in an

arms-length fashion and that is fair and reasonable given the multiple bona fide

disputes noted above of both fact and law.

## II.   LEGAL STANDARDS

### A.   The Settlement Agreement Is A Fair and Reasonable Resolution of Bona Fide Disputes

In a settlement of a claim under the Fair Labor Standards Act:

> The settlement must 'reflect [ ] a fair and reasonable resolution of a bona fide dispute over FLSA provisions,' which includes a finding with regard to: (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorney's fees if included in the agreement.

Duprey v. The Scotts Co., LLC, 30 F. Supp. 3d 404, 408) (D. Md. 2014). As Judge

Grimm of this Honorable Court noted.

> "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is represented by an attorney who can protect [his] rights under the statute. Id.

Here, a bona fide dispute exists over precise calculation of time, pay and

exemption under the executive exemption. Defendants assert there is an issue of fact whether or not they acted willfully or in reckless disregard of their obligations under the FLSA, whether the they acted reasonably and in good faith for purposes of potential defenses to the liquidated damages under the Portal-to-Portal Act, and whether there was a bona fide dispute for purposes of enhanced damages under the Wage Payment and Collection law. Specifically, Defendants maintain that Plaintiff worked during the relevant period as a manager with supervisory authority over more than two other kitchen workers, with the power to influence management's decisions about discipline and termination.  Plaintiff denies this; this is a mixed question of fact and law in this case.

The parties contend that the settlement itself is fair and reasonable because Plaintiff will receive 1.41 times his base overtime owed, exclusive of legal costs. In Duprey, supra, Judge Grimm held in a somewhat similar case whereby the parties engaged in informal discovery and then reached a settlement, that a settlement which paid the Plaintiff approximately 60% to 80% of the back pay sought (depending on how it was calculated) in the complaint exclusive of attorney's fees was fair and reasonable.  Here Plaintiff is to receive approximately 141.02% of the base overtime from the maximalist position in negotiations.

Both counsel represent to the Court that they each have substantial experience litigating employment law disputes including wage and hour disputes in federal courts, and they believe the settlement is a mutually fair and reasonable one involving extended, contentious negotiations made in good faith. For all these reasons, counsel respectfully urge that this Court approve this settlement.

**B.     Legal Costs to be Reimbursed Are No Greater than Reasonable.**

Plaintiff's counsel has waived all legal fees beyond advanced costs in this matter, conditional upon the acceptance of this proposed settlement.  Jezic & Moyse, LLC, spent $400.00 to file this case with the Clerk of this Court.  It spent $50.00 to serve Defendant Pho Eatery, Inc., by substituted service on SDAT.  It paid deposition transcript bills to Epiq Court Reporting in the amount of $306.85 and to Planet Depos in the amount of $599.78.  These costs were fair and reasonable, necessary for the orderly prosecution of the case and constitute no "self-dealing" by Jezic & Moyse.

As noted above, Jezic & Moyse is waiving its fees under Rule 6.1 of the MARPC.  While it entered the case with the intention of earning fees, it waives such fees accrued to date now in the interest of closure.

**III.     CONCLUSION**

Your undersigned submit that the settlement agreement in this matter represents a fair and reasonable compromise that satisfies the obligations regarding fundamental fairness under the Fair Labor Standards Act.

Respectfully submitted,

/s/                                                          /s/

_____                    _____
T. Bruce Godfrey #24596                    Mark Wemple
2730 University Blvd West #604              1 Research Court #140
Wheaton, MD 20902                          Rockville, MD 20850
240-292-7200/240-292-7225                  240-360-2800/877-804-9980
Attorney for Plaintiff                     Attorney for Defendants

## **CERTIFICATION OF SERVICE**

I hereby certify that a copy of this Memorandum has been delivered electronically to counsel for all other parties through compliant filing through ECF on 13 May 2019 consistently with the Local Rules of this Court.

/s/

_____

T. Bruce Godfrey