IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSE SANTOS AMAYA DIAZ    :

    v.                        :  Civil Action No. DKC 17-2968

PHO EATERY, INC., et al.  :

**MEMORANDUM OPINION**

The parties in this employment case filed a motion for appropriate relief on November 23, 2018 (ECF No. 26) and a joint motion to approve settlement on May 13, 2019 (ECF No. 37). The motion to approve settlement states that, upon court approval, Defendants Pho Eatery, Inc. and Tim Do (collectively, "Defendants") will pay Plaintiff Jose Santos Amaya Diaz ("Plaintiff") $11,000 in "gross pay." (ECF No. 37-1, at 3). Defendants will also pay Plaintiff's attorneys $1,356.63 for costs. (*Id.*, at 2). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. Because the proposed settlement agreement represents a fair and reasonable resolution of a *bona fide* FLSA dispute, the settlement will be approved and Plaintiff's motion for appropriate relief will be denied as moot.

**I.   Background**

Plaintiff filed a complaint against Pho Eatery, Inc., Tim Do, Oanh Nguyen, and Quynh Vu on October 6, 2017 alleging four counts: (1) violation of the Fair Labor Standards Act ("FLSA"); (2) violation of the Maryland Wage and Hour Law ("MWHL"); (3) violation of the Maryland Wage Payment and Collection Law ("MWPCL"); and (4) violation of the Montgomery County Code § 27-68.  (ECF No. 1, at 7-13).  Defendant Pho Eatery, Inc. filed an answer and Defendants Do, Nguyen, and Vu filed a motion to dismiss for failure to state a claim and lack of jurisdiction on February 8, 2018.  (ECF Nos. 6 & 7).  Plaintiff filed an amended complaint on March 10, 2018 without consent or leave of court which omitted the individual Defendants.  (ECF No. 11). Consequently, individual Defendants Do, Vu and Nguyen were dismissed and Defendants' motion to dismiss was denied as moot on April 3, 2018.  (ECF No. 12).  The parties filed a joint request for settlement conference on April 17, 2018 (ECF No. 13) and the case was referred to Magistrate Judge Charles Day on April 18, 2018 for alternative dispute resolution (ECF No. 14).

Plaintiff filed a second amended complaint on June 4, 2018, once again naming Tim Do as a Defendant.  (ECF No. 18).  The parties held a settlement conference before Judge Day on July

2

10, 2018. The discovery period closed on November 26, 2018 and the parties filed a joint status report indicating that discovery was "substantially completed." (ECF No. 27, at 1). The parties held a second, more fruitful settlement conference on April 5, 2019. Although they did not submit a written settlement agreement to the court, the joint motion sets forth the significant terms.

According to Plaintiff's second amended complaint, Defendants employed Plaintiff "from 2013 until approximately January 6, 2017 as a non-exempt food preparation employee primarily at its Gaithersburg, Maryland Location . . . and occasionally at its Rockville [] location[.]" (ECF No. 18, at 4). Plaintiff asserts that, from June 1, 2015 until the end of his employment, he "generally worked 60-72 hours per week" and "Defendants failed to pay [him] the required wage of 150% of his regular pay . . . for all hours worked in excess of 40 hours per week[.]" (*Id.*, at 5-6). Plaintiff adds that "Defendants failed to pay the full minimum wage of $10.75" per hour after Maryland increased the minimum wage to that rate effective October 1, 2016. (*Id.*, at 6). Finally, Plaintiff claims that Defendants failed to provide him vacation time over a three-year period, totaling $2,400.00. (*Id.*, at 7). As a result, Plaintiff seeks

3

entry of judgment "against Defendants in the amount of $48,372.00, representing base wages of $16,124.00 unpaid[,] plus statutory treble damages of an additional $32,248.00, plus interest, costs and attorneys' fees as authorized by statute or rule." (*Id.*, at 13).

## II. Joint Motion to Approve Settlement

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). Under the first exception, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an

4

employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Duprey v. Scotts Co.*, 30 F.Supp.3d 404, 407 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in deciding whether to approve such settlements, district courts in this circuit typically employ the considerations set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g., Duprey*, 30 F.Supp.3d at 407-08; *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Id.* at 1354. Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4)

5

> the experience of counsel who have
> represented the plaintiffs; (5) the opinions
> of counsel . . .; and (6) the probability of
> plaintiffs' success on the merits and the
> amount of the settlement in relation to the
> potential recovery.

*Hackett v. ADF Restaurant Invs.*, 259 F.Supp.3d 360, 365 (D.Md. 2016) (quoting *Saman v. LBDP, Inc.*, DKC-12-1083, 2013 WL 2949047, at *3 (D.Md. June 13, 2013); *see also Duprey*, 30 F.Supp.3d at 408, 409. Finally, where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a 'conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Lane v. Ko–Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *3 (Aug. 31, 2011) (citation omitted).

### A. *Bona Fide* Dispute

"In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F.Supp.3d at 408. As already explained, Plaintiff's second amended complaint alleges that Defendants committed a litany of

wage violations. Defendants' answers to Plaintiff's second amended complaint deny Plaintiff's allegations, indicating that the parties differ in their view of the amount of compensation Plaintiff was owed and whether he received vacation pay. (*See* ECF Nos. 20 & 21). Additionally, the parties' memorandum in support of motion to approve settlement agreement states that the parties dispute:

> 1) precisely how many hours and weeks Plaintiff worked during the relevant period; 2) the effective hourly rate for Plaintiff as calculated over the disputed hours; 3) the lack of strict uniformity in hours over the roughly 18-month period from approximately July 1, 2015 until early January 2017[;] 4) the issue of whether the [MWPCL] applied to Plaintiff's claims, and, if so, whether wages had been withheld as a result of a bona fide dispute within the meaning of the [MWPCL]; 5) whether Defendants acted willfully or recklessly of their obligations under the FLSA; [] 6) whether the Defendants [] acted reasonably and in good faith for purposes of potential defenses to a liquidated damages claim, under the FLSA and its Portal-to-Portal Act provisions[;] and 7) whether Plaintiff may have been exempt as an executive employee under applicable case law and regulations.

(ECF No. 37-1, at 1-2). Defendants' denials and the parties' disagreements indicate the presence of a *bona fide* dispute.

**B.    Fairness & Reasonableness**

Upon review of the parties' submissions and after considering the relevant factors, the agreement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute. The parties, represented by counsel with "experience in litigating employment law disputes," participated in extended discovery, substantial negotiations, and two settlement conferences. (ECF No. 37-1, at 1-4). Thus, the parties have had sufficient opportunity to obtain additional evidence through the discovery and negotiation processes, evaluate their claims and defenses, and conclude that settlement is the most appropriate resolution. Moreover, there is no evidence that the agreement is the product of fraud or collusion.

The settlement amount also appears to be fair and reasonable. In his second amended complaint, Plaintiff requested $19,288 in unpaid overtime, unpaid vacation wages, and minimum and overtime wage adjustment. (ECF No. 18, at 9-14). Additionally, Plaintiff requested liquidated and treble damages and interest. *Id*. The parties agreed to an $11,000 settlement after "extended, contentious negotiations made in good faith." (ECF No. 37-1, at 4). Although the total settlement amount is substantially less than Plaintiff's total requested regular,

liquidated and treble damages, the legal and factual disputes in this case make it uncertain whether Plaintiff would ultimately be able to recover the full amount of requested damages. Thus, in light of the risks and costs to both parties in proceeding with this lawsuit, the agreement constitutes a fair and reasonable resolution of Plaintiff's disputed claims.

**C.   Attorneys' Fees and Costs**

Finally, provisions regarding attorneys' fees and costs "must also be independently assessed" for reasonableness. *Hackett,* 259 F.Supp.3d at 367. In "the interest of judicial economy" and compliance with their pro bono obligation under Md. Code Ann., Pro Bono Pub. Serv. § 19-306.1, Plaintiffs' counsel agreed to "waiv[e] the entirety of its claim for fees[.]" (ECF No. 37-1, at 2-3). As for costs, Defendants agreed to pay Plaintiff's counsel $1,356.53 for accrued filing, service, and deposition fees. *Id.* Plaintiffs' counsel provided an itemization of the total fee amount, indicating that it is a reasonable total of their accrued costs.

**III. Motion for Appropriate Relief**

Plaintiff's motion for appropriate relief requested "that Defendants be barred from asserting the executive exemption to the [FLSA] and [MWHL] for the disputed period . . . due to

9

Defendant's failure to maintain proper work pay, work date and work hour records." (ECF No. 26, at 5). Because the parties' joint motion to approve settlement will be granted, Plaintiff's motion will be denied as moot.

**IV. Conclusion**

For the foregoing reasons, the joint motion to approve settlement will be granted and Plaintiff's motion for appropriate relief will be denied as moot. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
