IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                                  |
|--------------------------|---|----------------------------------|
| JOSE SANTOS AMAYA DIAZ    | : |                                  |
|                          | : |                                  |
| v.                       | : | Civil Action No. DKC 17-02968    |
|                          | : |                                  |
| PHO EATERY, INC. et al.  | : |                                  |
|                          | : |                                  |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is the motion to enforce settlement agreement filed by Plaintiff Jose Santos Amaya Diaz. (ECF No. 41). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to enforce the settlement agreement will be granted in part.

## I. Background

Roughly two years ago, Plaintiff Jose Amaya Diaz sued Pho Eatery, Inc. and Tim Do for, among other things, their violations of FLSA. (ECF No. 1). The parties reached a settlement, and on May 14, 2019, this court approved that settlement (ECF No. 39) and issued an order incorporating the terms of that settlement (ECF No. 40). Per the agreement and ensuing order, Defendants were to pay out several installments: $2000 to Plaintiff on June 1, $2000 to Plaintiff on July 1, $5000 to Plaintiff on August 1 to

Plaintiff, and $1,356.63 (for court costs) to Jezic & Moyse, LLC, on September 1.  *Id.*

According to Plaintiff's motion, Defendants paid their first two installments, but have failed to pay out the third and, presumably, the fourth.  (ECF No 41-1).  Plaintiffs accordingly brought this motion, and Defendants have not responded.

## II.  Analysis

Federal courts have inherent power to enforce settlement agreements.  *See Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002).  Further, federal jurisdiction is beyond dispute as this court's order (ECF No. 40) conditioned ultimate dismissal on compliance with the settlement agreement.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).  Thus, Defendants' "breach of the agreement [is] a violation of the order[.]" *Id.*

In order to enforce the settlement agreement, the court must 1) find that the parties reached a complete agreement and 2) must be able to determine that agreement's terms and conditions. *Hensley*, 277 F.3d at 540-41.  As both the existence and terms of this particular settlement agreement are embodied in an order of the court, both these prerequisites are met.  "A motion to enforce a settlement agreement is an action for specific performance of a contract." *U.S. ex rel. McDermitt, Inc. v. Centex-Simpson Const. Co., Inc.*, 34 F.Supp.2d 397, 399 (N.D. W. Va. 199), *aff'd sub nom.*

*United States v. Centex-Simpson Constr.*, 203 F.3d 824 (4th Cir. 2000). As Defendants have now violated the settlement agreement, Plaintiff is entitled to specific performance of the terms of that agreement.

Plaintiff's request for additional attorney's fees of $150 will not be granted. While a prevailing party may be entitled to attorney's fees under FLSA, it is not at all clear that this entitlement necessarily extends to motions seeking specific performance of a settlement agreement stemming from a FLSA dispute. At this time, the court will not grant Plaintiff additional attorney's fees.

## III. Conclusion

For the foregoing reasons, the motion to enforce settlement agreement filed by Plaintiff will be granted, in part. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

3